UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

MARK VANIER,

          NO. CIV. S-06-978 LKK/PAN

    Plaintiff,

  v.                          O R D E R

BATTERY HANDLING SYSTEMS, INC.,

    Defendant.
_____/

Pending before the court is plaintiff's motion to exclude Battery Handling Systems' ("defendant") experts who were designated after the deadline for the designation of experts. The court decides the matter based on the papers and without oral argument.

On September 12, 2006, the court issued a scheduling order in the above captioned case. Pursuant to the order, the parties were to disclose experts no later than January 25, 2007. Defendant failed to comply with this deadline. Instead, defendant filed an expert disclosure on February 5, 2007. Defendant avers that attorneys for defendant did not receive a copy of the scheduling

order and therefore did not know of the deadline. The court is unpersuaded by defendant's argument. Indeed, the court docket reveals that a copy of the scheduling order was electronically served on Michael J. Daley, via his email address.

The court also notes that defendant's expert disclosure did not comply with the requirements set forth in Federal Rule of Civil Procedure 26(a)(2)(B), which require that expert reports accompany the designation. Defendant's disclosure contained a list of experts, but no reports. Discovery is set to close on March 11, 2007. Defendant maintains that it will provide copies of the expert reports by the end of February.

Federal Rule of Civil Procedure 37 addresses a party's failure to disclose expert reports and states:

> A party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1), or to amend a prior response to discovery as required by Rule 26(e)(2), is not, unless such failure is harmless, permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed. In addition to or in lieu of this sanction, the court, on motion and after affording an opportunity to be heard, may impose other appropriate sanctions. In addition to requiring payment of reasonable expenses, including attorney's fees, caused by the failure, these sanctions may include any of the actions authorized under Rule 37(b)(2)(A), (B), and (C) and may include informing the jury of the failure to make the disclosure.

Fed. R. Civ. P. 37(c)(1). The Ninth Circuit Court of Appeals has observed that "we give particularly wide latitude to the district court's discretion to issue sanctions under Rule 37(c)(1)." <u>Yeti by Molly v. Deckers Outdoor Corp.</u>, 259 F.3d 1101, 1106 (9th Cir. 2001)(citing <u>Ortiz-Lopez v. Sociedad Espanola de Auxilio Mutuo Y</u>

2

1  Beneficiencia de Puerto Rico, 248 F.3d 29, 34 (1st Cir. 2001)).
2  In Yeti by Molly the Ninth Circuit upheld the district court's
3  exclusion of expert testimony where the defendant disclosed the
4  expert's report outside the time provided by Rule 26(a)(2).
5       In the case at bar, defendant has not shown that its failure
6  to comply with the court's order and Rule 26 was harmless.
7  Plaintiff has the right to the time the court provided for research
8  and investigation prior to the close of discovery.  The court
9  provides sixty days to schedule and prepare for depositions of
10 experts.  Because of defendant's failure to comply with the court's
11 order and Rule 26, plaintiff will have two weeks to review
12 defendant's expert reports prior to the close of discovery.  In
13 light of defendant's failure to comply with both the court's
14 scheduling order, as well as the requirements of Rule 26, the court
15 will exclude the testimony of the experts listed on defendant's
16 disclosure.  Accordingly, the court orders as follows:
17      1.   Plaintiff's motion to exclude is GRANTED.
18      2.   The hearing set for Friday, February 23, 2007 is hereby
19           VACATED.
20      IT IS SO ORDERED.
21      DATED: February 21, 2007.

_____
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT

3