UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

MARK VANIER,

          NO. CIV. S-06-978 LKK/EFB

    Plaintiff,

  v.                                O R D E R

BATTERY HANDLING SYSTEMS, INC.,

    Defendant.
_____/

    The court is in receipt of plaintiff's ex parte motion to exclude Battery Handling Systems' ("defendant") rebuttal experts. The court decides the matter based on the papers and without oral argument.

    On February 21, 2007, the court granted plaintiff's motion to exclude defendant's experts who were designated after the deadline for the designation of experts. In that order, the court found that defendant not only failed to designate experts prior to the deadline, but defendant also failed to comply with the requirements set forth in Federal Rule of Civil Procedure 26(a)(2)(B), which

1  require that expert reports accompany the designation.  Defendant's
2  late disclosure contained a list of experts, but no reports.
3       Despite the court's order, defendant filed a designation of
4  rebuttal experts on February 26, 2007.  Plaintiff now seeks to
5  exclude these experts on the grounds that the disclosure violates
6  the court's scheduling order and the February 21, 2007 order.
7  Plaintiff avers that all of the experts listed in the rebuttal
8  expert disclosure are identical to the experts listed in the
9  initial expert disclosure, and only one of the expert's opinions
10 contain any actual rebuttal of plaintiff's experts.
11      Defendant's latest disclosure is in violation of both the
12 scheduling order and the court's most recent order.  Pursuant to
13 the scheduling order, the parties were to disclose experts no later
14 than January 25, 2007.  As previously discussed in the court's
15 February 21, 2007 order, defendant failed to comply with this
16 deadline.  The scheduling order also made clear that an expert not
17 properly disclosed,
18      will not be permitted to testify unless the party offering
19      the witness demonstrates: (a) that the necessity of the
20      witness could not have been reasonably anticipated at the
21      time the lists were exchanged; (b) the court and opposing
22      counsel were promptly notified upon discovery of the witness;
23      and (c) that the witness was promptly proffered for
24      deposition.
25 See September 16, 2006 Scheduling Order.  Here, defendant has
26 failed to demonstrate how the rebuttal experts meet these

2

requirements.

To the extent that the February 21 order was not clear, the court hereby offers clarification. In light of defendant's failure to comply with both the Federal Rules and the court's scheduling order, all of defendant's experts who were not designated prior to the deadline set forth in the scheduling order shall be excluded. This applies to rebuttal experts as well.[1]

Accordingly, the court orders as follows:

1. Defendant's experts who were designated after the deadline set forth in the scheduling order shall be EXCLUDED.

2. Plaintiff's ex parte motion to exclude rebuttal experts is GRANTED.

IT IS SO ORDERED.

DATED: March 6, 2007.

*[signature]*
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT

---

[1] In an amended mid-litigation statement filed by defendant on February 28, 2007, defendant asserts that it will file a motion for reconsideration of the court's order excluding defendant's expert witnesses. When and if that motion is filed, the court will reexamine these issues. In the meantime, the court hereby excludes all defendant experts not properly designated.

3