UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

MARK VANIER,

          NO. CIV. S-06-978 LKK/EFB

    Plaintiff,

  v.                             O R D E R

BATTERY HANDLING SYSTEMS, INC.,

    Defendant.
_____/

    Mark Vanier (plaintiff) brought suit against Battery Handling Systems Inc. (defendant), for an injury plaintiff sustained when an industrial forklift battery (manufactured by defendant) fell on his foot.  Pending before the court are two motions filed by defendant: a motion to reconsider and a motion to exclude one of plaintiff's experts.  The court decides the matters based on the papers and after oral argument.

////

////

////

**I.**

**Defendant's Motion to Reconsider**

**A.   Standard for Motions to Reconsider**

"Under the 'law of the case' doctrine a court is generally precluded from reconsidering an issue that has already been decided by the same court, or a higher court in the identical case." United States v. Alexander, 106 F.3d 874, 876 (9th Cir.1997)(citing Thomas v. Bible, 983 F.2d 153, 154 (9th Cir.), cert. denied, 508 U.S. 951 (1993)).

Local Rule 78-230(k) requires that a party seeking reconsideration of a district court's order must brief the "new or different facts or circumstances . . . which . . . were not shown upon such prior motion, or what other grounds exist for the motion." Generally speaking, before reconsideration may be granted there must be a change in the controlling law or facts, the need to correct a clear error, or the need to prevent manifest injustice. See Alexander, 106 F.3d at 876.

**B.   Analysis**

Defendant asks the court to reconsider its February 21, 2007 order. In that order, the court granted plaintiff's motion to exclude defendant's experts who were designated after the deadline for the designation of experts. The court found that defendant not only failed to designate experts prior to the deadline set forth in the court's scheduling order, but defendant also failed to comply with the requirements set forth in Federal Rule of Civil Procedure 26(a)(2)(B), which requires

2

that expert reports accompany the designation.  See February 21, 2007 Order.  Defendant's late disclosure contained a list of experts, but no reports.

Defendant now asks that the February 21, 2007 order be set aside.  Defense counsel admits that he failed to comply with the scheduling order and Rule 26, but asks that the court reconsider its decision to exclude the experts.[1]  Defense counsel states that the February 21 Order "could essentially lead to judgment for plaintiff because expert witness testimony is important to defend against plaintiff's claims.  This sanction is not commensurate with [defendant's] unintentional act of failing to calendar and timely disclose Rule 26 reports."  Def.'s Mot. to Recon. at 3.  Defendant requests that the time for discovery be enlarged so that plaintiff may depose defendant's experts.  Discovery cut-off was March 11, 2007 and trial is set for November, 2007.  Defendant argues that since trial is not set until November, it would be harmless to reopen discovery.

To the extent that these mistakes may cost defense counsel the case, the mistakes are of defense counsel's own doing. Given that defense counsel failed to follow both the scheduling order of this court and the Federal Rules of Civil Procedure, sanctions are clearly warranted.  That said, a sanction which

---

[1] Defense counsel has no good explanation for his mistake, other than oversight. Defense counsel tries to argue that he never received a copy of the scheduling order.  This is simply not true.  A copy was served on at least one member of his firm.  The court therefore disregards defense counsel's argument that he did not receive a copy of the order.

3

1  completely excludes defendant's expert witnesses is
2  disproportionate to defense counsel's errors.  Instead, defense
3  counsel shall incur monetary sanctions.  Specifically, defense
4  counsel shall compensate plaintiff's counsel for the time which
5  was required to litigate this issue, file the pending motion for
6  summary judgment and take the depositions of defendant's expert
7  witnesses.  Accordingly, defendant's motion to reconsider is
8  granted.

## II.

**Defendant's Motion to Exclude the Testimony of Dr. John Hancock**

Defendant also moves to exclude the testimony of Dr. Hancock, one of plaintiff's experts.  Defendant avers that defense counsel was not served with Dr. Hancock's report until February 1, 2007, almost a week after the deadline for expert disclosure set forth in the scheduling order.  Plaintiff's counsel concedes that the report was filed late and explains that he had trouble contacting Dr. Hancock, but once contact was made the report was quickly turned over to defense counsel.

Given that the court is not excluding defendant's experts, the court will not exclude plaintiff's expert.  Accordingly, the motion to exclude plaintiff's expert is denied.

For the reasons set forth above, the court orders as follows:

1. Defendant's motion to reconsider is GRANTED.
2. Defendant's motion to exclude Dr. Hancock is DENIED.
3. All previously set dates are hereby VACATED.  The

```
1              court sets the following new dates:
2         a.   Close of discovery:      July 23, 2007.
3         b.   Law and motion cut-off:  September 23, 2007
4         c.   Pre-trial conference:    December 10, 2007 at
5                                       1:30 p.m.
6         d.   Trial:                   March 18, 2008
7    4.   The hearing on the motions for summary judgment,
8         currently set for May 7, 2007 is hereby VACATED.
9    5.   Counsel for plaintiff is ordered to file by May 14,
10        2007 an affidavit that sets forth the costs incurred
11        by the failure of defense counsel to timely disclose
12        experts.  Plaintiff's counsel shall bill at an hourly
13        rate of $150.00 and shall include the time plaintiff's
14        counsel spent litigating the issue of the late
15        disclosure, writing the pending motion for summary
16        judgment and the time to depose defendant's now
17        disclosed experts.  Once the affidavit has been filed,
18        counsel for defendant shall pay said amount to
19        plaintiff.  Counsel for the defendant shall file an
20        affidavit stating that these sums have not been, and
21        will not be, billed, directly or indirectly, to the
22        client or in any way made the responsibility of the
23        client as attorneys' fees or costs.
24   IT IS SO ORDERED.
25   DATED: April 26, 2007.
26
                              LAWRENCE K. KARLTON
                              SENIOR JUDGE
                              UNITED STATES DISTRICT COURT
```